UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff § <br> § <br> v. § <br> § <br> RUDY CORONADO ROLDAN, § <br> Defendant. § | CRIMINAL NO. 2:17-823-1 |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Rudy Coronado Roldan's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). D.E. 63. For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

In 2018, Defendant pled guilty to conspiracy to possess with intent to distribute 165 grams of methamphetamine. He has served approximately 53 months (44%) of his 120-month sentence and has a projected release date, after good time credit, of June 7, 2026. Defendant now moves the Court to reduce his sentence to time served based on extraordinary and compelling reasons due to the COVID-19 pandemic. He filed an administrative request for compassionate release with the Warden of FCI Sheridan on February 25, 2022, but says he never received a response.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

1

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
> *(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling'

2

to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a

---

1. **(A) Medical Condition of the Defendant.** –
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—
       (I) suffering from a serious physical or medical condition,
       (II) suffering from a serious functional or cognitive impairment, or
       (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant.** –
    The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

    **(C) Family Circumstances.** –
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    **(D) Other Reasons.** –
    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal

4

quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

> With respect to motions for compassionate release based on COVID-19:
>
>> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak.

*United States v. Koons*, 455 F. Supp. 3d 285, 290 & n.8 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

## III. ANALYSIS

### A. COVID-19 Claims

Defendant moves the Court for a sentence of time served because the conditions of confinement due to COVID-19 have made his punishment more severe than the Court could have anticipated at the time of sentencing. He states that "prison lockdowns have

virtually halted his efforts to participate in programs directed toward personal improvement and rehabilitation," and his "opportunity to receive outdoor recreation, with sufficient fresh air, exercise, and meaningful social interaction other inmates . . . have now been severely limited." D.E. 63, pp. 3, 4. With respect to motions for a sentence reduction based on COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *Koons*, 455 F. Supp. 3d at 291 (citing *Raia*, 954 F.3d at 597).

Defendant further complains that crowded prison conditions make him far more susceptible to contracting COVID-19. He has offered no evidence that he suffers from any underlying medical condition that would make him particularly vulnerable to severe illness or death from COVID-19 or that it is medically inadvisable for him to receive the COVID-19 vaccine. "The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 455 F. Supp. 3d at 291. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at 292. Moreover, "[n]ow that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021).

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

As detailed in the Presentence Investigation Report (PSR, D.E. 29), Defendant was arrested on the current offense after a search of the residence he shared with his girlfriend/codefendant uncovered heroin, cocaine, d-methamphetamine ("Ice"), marijuana, thousands of dollars in US currency, four counterfeit Federal Reserve Notes, and a drug ledger. DEA agents also discovered three handguns and a revolver, all of which were loaded with ammunition, and a rifle. One of the handguns had previously been reported stolen. Defendant provided a detailed account of his drug trafficking activities following his arrest and was held accountable at sentencing for 1,020.582 grams of Ice, 113.398 grams of heroin, 6.89 grams of cocaine, and 453.592 grams of marijuana. His criminal history included scored convictions for terroristic threat, possession of cocaine, possession of marijuana, possession of methamphetamine, and possession of a controlled substance, and his unscored criminal history included convictions for criminal trespass, possession of marijuana, and unlawfully carrying a weapon.

Based on Defendant's extensive criminal history, the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant when he has served less than half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment

for the offense, nor would it deter criminal conduct or protect the public from further crime. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Accordingly, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 63) is **DENIED**.

**ORDERED** on _____5/26/22_____.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE